## LAMMON v. CITY AND COUNTY OF SAN FRANCISCO et al.

No. 25534.

District Court, N. D. California, S. D.

March 18, 1946.

ST. SURE, District Judge.

Plaintiff brought this suit, seeking injunctive relief based on allegations of violation of his constitutional rights. On February 2, 1946, temporary restraining order was denied and defendants' motion to dismiss the complaint was granted with leave to amend. In due course an amended complaint was filed. Defendants moved to dismiss on the grounds of lack of jurisdiction and insufficiency of the factual allegations to state a cause of action. Hearing was had and the questions presented were submitted.

 The amended complaint alleges diversity of citizenship; that the right involved and the loss or damage suffered are in excess of $3000, and that a federal question is involved. Assuming the truth of these allegations for the purpose of the motion, jurisdiction is apparent, 28 U.S.C.A. § 41(1).

It is further alleged, in substance, that plaintiff, his agents and employees, have heretofore violated and are violating a duly enacted ordinance of the City of San Francisco; that they have been arrested and ordered to desist from such violations under threat of arrest and prosecution; that plaintiff has thereby suffered "pecuniary damage and irreparable loss"; that the ordinance is discriminatory, violative of plaintiff's right to equal protection of the laws guaranteed by the Fourteenth Amendment and is violative of Article I, § 8, of the Constitution; that plaintiff has no adequate remedy at law. The prayer is for temporary restraining order and permanent injunction against official interference with or molestation of plaintiff, his agents and employees.

 Plaintiff has failed to allege facts disclosing clear and imminent danger of irreparable damage. Indeed, the fundamental facts alleged would repel such allegations. In truth, this is a suit to enjoin enforcement of a city ordinance, as was true in the recent case of Douglas v. Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324, wherein the general principles applicable are not only clearly and unequivocally set forth, but they are decisive. There it was held that while want of equity did not defeat the court's jurisdiction, it may in the discretion of the court, be objected to on its own motion. "Especially should it do so where its powers are invoked to interfere by injunction with threatened criminal prosecutions in a state court" (319 U.S. page 162, 63 S.Ct. 880, 87 L.Ed. 1324). The opinion states further that courts of equity should conform to the policy of leaving to state courts trial of criminal cases arising under state laws, subject to review by the Supreme Court on federal grounds appropriately asserted; that federal courts should refuse to interfere "save in those exceptional cases which call for the interposition of a court of equity to prevent irreparable injury which is clear and imminent"; that no person is immune from prosecution on good faith for alleged criminal acts; and that "its imminence, even though alleged to be a violation of constitutional guaranties, is not ground for equity relief since the lawfulness or constitutionality of the statute or ordinance * * * may be determined as readily in the criminal case as in a suit for injunction," and finally, that the state courts are the arbiters of the meaning and application of state statutes. This is but reiteration of guiding principles that have governed federal courts for years.

Since further amendment of the complaint in the instant case and a trial on is-

sues thereafter joined would be futile in respect to relief prayed,

It is ordered that the motion to dismiss the amended complaint is granted, and on authority of Douglas v. Jeannette, supra, the dismissal is, sua sponte, with prejudice.